UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| AZAR SHRESTHA, | ) | |
|     Plaintiff, | ) | Civil Case No. |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| | ) | |
| FOLLETT HIGHER | ) | |
| EDUCATION GROUP, LLC | ) | |
| D/B/A FOLLETT CORPORATION | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |

The Plaintiff, by way of complaint, alleges against the Defendant as follows:

## JURISDICTION AND VENUE

1. This is an action under Title I of the Americans With Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008, PL 110–325, September 25, 2008, 122 Stat 3553 ("ADAAA"), to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to the Plaintiff, Azar Shrestha, who was adversely affected by such practices.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §198la; and pursuant to 28 U.S.C. §§ 1331, 1343(a)(4).

3. Jurisdiction of the action is conferred on this Court by Section 16(b) of the Act (29 USC Section 216 (b)), and by the provisions of 28 USC Section 1337, relating to any civil liability or proceeding arising under any Act of Congress regulating Commerce. Jurisdiction is also conferred by 28 U.S.C. Section 1367.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina, Durham Division.

5. Venue is conferred on the United States District Court for the Eastern District of North Carolina, Southern Division by 28 USC Section 1391 (b) and (c).

6. As alleged with greater particularity below, the Plaintiff alleges that Defendant, Follett Higher Education Group, LLC d/b/a Follett Corporation ("Defendant" or "Follett") has committed disability discrimination in violation of the ADA as amended by the ADAAA by discharging Azar Shrestha because he was disabled, and Defendant did not want to accommodate his disability.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

8. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina Durham Division herein.

10. The unlawful practices alleged below occurred in, and the records of the unlawful employment practices alleged below are maintained within the Middle District of the State of North Carolina. Plaintiff seeks various compensatory damages and remedies including, but not limited to, front pay, back pay, interest and fringe benefits lost because of the discriminatory acts complained of herein.

## PARTIES

11. The Plaintiff, Azar Shrestha (hereinafter, "Plaintiff") is a male citizen of the United States and a resident of Durham County, North Carolina.

12. The Defendant, Follett Higher Education Group, LLC d/b/a Follett Corporation (hereinafter, "Defendant" or "Follett ") is a foreign corporation organized and existing under the laws of the State of Illinois, with its principal office located at 3 Westbrook Corporate Center, Suite 200, Westchester, IL 60154, operates a facility located in Durham County, North Carolina. The Plaintiff was employed at Defendant's Durham facility as a seasonal retail associate for the relevant time period as further alleged herein. Mrs. Virginia Rogers was the Plaintiff's regional manager and his supervisor. Upon information and belief, Follett Higher Education Group, LLC d/b/a Follett Corporation , is an entity subject to the mandates of the ADA and relevant state laws prohibiting discriminatory employment practices.

## **ADMINISTRATIVE PROCEDURES**

13. More than thirty days prior to the institution of this lawsuit, Azar Shrestha filed a charge of discrimination with the Equal Employment Opportunity Commission ("Commission") alleging violations of the ADA by Defendant.

14. On or about November 28, 2023, the Plaintiff filed an amended charge of employment discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Plaintiff's EEOC Charge of Discrimination claiming that the Defendant discriminated against his on the basis of disability, is attached hereto as Exhibit A.

15. On or about November 18, 2024, the EEOC issued a Letter of Determination ("LOD") finding evidence of discrimination based on disability and is attached hereto as Exhibit B.

16. The Notice of Right to Sue was issued by the EEOC, on or about March 18, 2025. A copy of said Notice of Right to Sue is attached as Exhibit C.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

18. The Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 17 of this Complaint.

19. Plaintiff was employed by the Defendant from June 27, 2022, until June 15, 2023, as a seasonal retail associate.

20. Plaintiff suffers from a disabling medical condition and he notified his regional manager, Mrs. Virginia Rogers(hereinafter, "Rogers") of the same and that he needed a reasonable accommodation for his condition.

21. As a dedicated employee, throughout his tenure, Mr. Shrestha acted in the best interests of the employer, ensuring compliance with all governance and financial integrity.

22. Mr. Shrestha was a qualified employee and met expectations during his over one-year employment with the Employer.

23. During 2023, there were management changes with no effect to Mr. Shrestha's performance or interactions with new management.

24. Mr. Shrestha was allowed to use his headphones by Torri Williams ("Williams"), at Follett.

25. However, during 2023, the regional manager, Virginia Rogers ("Rogers"), visited the Defendant's store where Plaintiff worked multiple times.

26. Rogers disagreed with Williams and began complaining about Plaintiff's using headphones while he performed his duties.

27. Rogers then asked Mr. Shrestha to remove his headphones.

28. A recording of the incident confirmed that Mr. Shrestha engaged in a protected activity.

29. Between May 21, 2023 and May 30,2023, he filled out a job application for a

Part-Time Team Lead position at Follett.

30. On or about May 30, 2023, Mr. Shrestha received word that his application had been received by Follett and would be reviewed.

31. On or about May 31st of 2023, while working for the Employer through the Durham Technical Community College ("DTCC") work study program, Mr. Shrestha had a verbal incident with a Follett manager.

32. Afterwards, on or about May 31, 2023, Mr. Shrestha requested and completed the necessary forms to receive accommodations for his disability from DTCC, invoking his federal rights under the Americans with Disabilities Act ("ADA").

33. On or about June 5, 2023, Mr. Shrestha was notified that his requested accommodation, for his work from DTCC were approved and he went back to work the following week.

34. However, on or about June 15, 2023, Mr. Shrestha was informed that Follett requested his reassignment to another position.

35. In addition, Mr. Shrestha was informed that his contract was terminated as a result of his accommodations.

36. Nevertheless, DTCC's Human Resources strongly recommended to Rogers that she not terminate Plaintiff's contract.

37. As a result of Plaintiff's termination, DTCC no longer allows Follett to hire students through the work study program.

38. Mr. Shrestha was terminated by Follett a little over two (2) weeks after he requested a reasonable accommodation, in retaliation for the incident and for his request.

39. Plaintiff 's quality of life and ability to function were dramatically impacted by his disability.

40. Plaintiff's disability affected numerous major life functions and therefore he was disabled as defined under ADA, as amended by the ADAAA.

41. In spite of his condition, Plaintiff was able to perform the essential functions of his job with a reasonable accommodation which would not have been an undue burden to Follett.

42. Prior to his request for a reasonable accommodation, and his termination, Plaintiff was never disciplined, nor placed on a Performance Improvement Plan ("PIP"), and he was performing his duties to Follett 's legitimate expectations.

43. Plaintiff believes that the basis for his termination was merely a pretext and that Follett terminated him because of his disability in that, upon information and belief, it did not want to provide the reasonable accommodations he requested to perform the essential functions of his job.

44. A recording of the events confirm that Plaintiff engaged in a protected activity and evidence such as witnesses and documents, confirm that Mr. Shrestha's disability and protected activity was the basis for his discharge by the Defendant.

**FIRST CLAIM FOR RELIEF**
**(ADA DISABILITY DISCRIMINATION)**

45. The Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 as if fully set forth at length herein.

46. On or about May 31, 2023 and June 15, 2023, Defendant engaged in unlawful employment practices at its facility in Durham, North Carolina in violation of Sections 102(a), (b)(l) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(l) & (b)(4) when it discharged Mr. Azar Shrestha because it regarded him as having a disability, and because he requested a reasonable accommodation.

47. The effect of the practices complained of in paragraph 1-44, above, has been to deprive Azar Shrestha of equal employment opportunities and otherwise adversely affect his status as an employee because of disability.

48. Upon information and belief, the unlawful employment practices complained of in paragraph 1-44 above, were intentional.

49. Upon information and belief, the unlawful employment practices complained of in paragraph 1-44 above, were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

50. Upon information and belief, the unlawful employment practices complained of in paragraphs 1-44 above, were willful within the meaning of Section 7(b) of the ADA, 29 U.S.C. §626(b).

51. The actions of Defendant's agents and employees including Rogers, were taken within the scope of their employment with Defendant. Defendant is therefore sued for its conduct in *respondeat superior*.

## SECOND CLAIM FOR RELIEF
## (ADA FAILURE TO ACCOMMODATE)

52. Plaintiff hereby adopts and incorporates paragraphs 1-51 above.

53. On or about June 15, 2023, Defendant discharged Mr. Shrestha because it refused to make a reasonable accommodation to a known physical disability of an otherwise qualified individual with a disability.

54. By discharging Mr. Shrestha, Defendant engaged in unlawful employment practices at its facility in Durham, North Carolina in violation of Sections 102(a), (b)(l) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5).

55. The effect of the practices complained of in paragraphs 1-44 above, has been to deprive Mr. Shrestha of equal employment opportunities and otherwise adversely affect his status as an employee because of disability.

56. Upon information and belief, the unlawful employment practices complained of in paragraph 1-44 above, were intentional.

57. Upon information and belief, the unlawful employment practices complained of in paragraph 1-44 above, were done with malice or with reckless indifference to the federally protected rights of Mr. Shrestha .

58. As indicated above on May 31, 2023, upon information and belief, the Defendant became aware of Plaintiff's need for reasonable accommodations for his disability but never granted these accommodations in practice.

59. Mr. Shrestha completed the necessary forms to request a reasonable accommodation for his disability, and accordingly, Plaintiff has engaged in activities protected by ADA, 29 U.S.C. §626(b).

60. The Defendant was aware of all of the Plaintiff's protected activities at or about the times he engaged in them.

61. As described above, upon information and belief, the Defendant became aware of Plaintiff's need for accommodations on May 31, 2023.

62. Subsequently the Defendant retaliated against the Plaintiff, by denying his requested accommodations, upon information and belief, fabricating performance issues, and ultimately terminating the Plaintiff because he was disabled and upon information and belief, the Defendant did not wish to provide the requisite accommodations.

63. As a result of the Defendant's retaliation against him, Plaintiff has suffered and is suffering considerable injury, including emotional distress, loss of present and future earnings, and other financial damages such as loss of leave, denial of wage increase, and loss of benefits.

64. The actions of Defendant's agents and employees including Rogers, were taken within the scope of their employment with Defendant. Defendant is therefore sued for its conduct in *respondeat superior*.

### THIRD CLAIM FOR RELIEF
### (WRONGFUL TERMINATION IN VOLATION OF PUBLIC POLICY)

65. Plaintiff realleges and incorporates by reference Paragraphs 1 through 64 as if fully set forth at length herein.

66. Plaintiff was an at-will employee of the defendant;

67. Plaintiff engaged in legally protected activity by requesting a reasonable accommodation.

68. Plaintiff was wrongfully discharged by agents and employees of Defendant including Rogers for reasons offensive to the public policy of this State, as a direct and proximate result of his requesting a reasonable accommodation, which clearly violates public policy and support a wrongful discharge claim in violation of public policy pursuant to *Bigelow v. Town of Chapel Hill*, 227 N.C. App. 1, 10–11, 745 S.E.2d 316, 324 (2013).

69. The actions of Defendant's agents and employees including Rogers, were taken within the scope of their employment with Defendant. Defendant is therefore sued for its conduct in *respondeat superior*.

70. As a direct and proximate result of the Defendant's aforementioned actions, the Plaintiff has been deprived of his employment rights by adverse job action, loss of income in the form of wages and employment benefits due to his as an employee and other monetary damages. He has been deeply embarrassed and humiliated, has suffered extreme anxiety and emotional distress, as well as financial distress from being unjustly forced out of work. The Plaintiff is entitled to recover compensatory and punitive damages for such violations of his employment rights.

### FOURTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

71. Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1-70 as though fully set forth herein.

72. The actions of Defendant's agents and employees were taken within the scope of their employment with Defendant. Defendant is therefore sued for its conduct in respondeat superior.

73. The Defendant was negligent in the handling Plaintiff's request for a reasonable accommodation, upon information and belief, in not properly dealing granting his request and permitting him to continue his employment.

74. Instead Defendant engaged in discrimination and retaliation through its managers, including Rogers, in wrongfully terminating Plaintiff, and in terminating the Plaintiff in the manner described herein.

75. By the negligent actions of Defendant described above, Defendant, through its agents and employees, knew or should have known that the retaliatory conduct toward plaintiff would offend, demean, intimidate, and injure him. As Plaintiff's employer, Defendant had a duty to prevent and remedy the mistreatment suffered by Plaintiff. As described above, upon information and belief, Defendant breached this duty causing Plaintiff emotional harm.

76. Upon information and belief, Rogers was included as a "manager" of the Defendant, as "manager" is defined in N. C. Gen. Stat. § 1D-15(c), discharging their authorized duties within the normal course and scope of their employment with the Defendant and in furtherance of the Defendant's interests, and their wrongful discharge of these duties is the conduct complained of herein. Therefore, the Defendant is liable for punitive damages for their malicious and/or willful and wanton conduct in an amount to be established at trial which would punish the Defendant for its conduct and which would deter others from engaging in such conduct in the future.

77. Emotional distress is a reasonably foreseeable result of Defendant's discrimination against, failure to accommodate, and retaliation against plaintiff in the workplace and its creation of intolerable working conditions for plaintiff. Defendant's conduct is intolerable and outrageous to society's expectations of employers and managers.

78. As a direct result of Defendant's actions, Plaintiff suffered emotional distress that caused great anxiety and harmed his family life and careers.

## FIFTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

79. Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1-78 as though fully set forth herein.

80. The actions of Defendant's agents and employees were taken within the scope of their employment with Defendant. Defendant is therefore sued for its conduct in respondeat superior.

81. The Defendant, through the conduct of its managers, upon information and belief, engaged in extreme and outrageous conduct. This conduct, when taken as a whole, exceeded all bounds usually accepted by decent society, and included, by way of example and not limitation:

   a) upon information and belief, condoning Rogers' behavior;

   b) refusing to remedy the discrimination against Plaintiff despite his request for a reasonable accommodation due to his disability;

   c) upon information and belief, fabricating a pretextual rationale to terminate Plaintiff when it:

      i. upon information and belief, knew that Plaintiff engaged in protected activity.

      ii. upon information and belief, discharged Plaintiff after he engaged in protected activity;

  iii. upon information and belief, Plaintiff's discharge was because of his engaging in protected activity and his disability

82. Defendant's conduct was either intended to cause or was recklessly indifferent to the likelihood that it would cause severe mental and emotional distress to Plaintiff.

83. Upon information and belief, Rogers was a "manager" of the Defendant, as "manager" is defined in N. C. Gen. Stat. § 1D-15(c), discharging their authorized duties within the normal course and scope of their employment with the Defendant and in furtherance of the Defendant's interests, and their wrongful discharge of these duties is the conduct complained of herein. Therefore, the Defendant is liable for punitive damages for their malicious and/or willful and wanton conduct in an amount to be established at trial which would punish the Defendant for its conduct and which would deter others from engaging in such conduct in the future.

84. Defendant's conduct in fact caused severe mental and emotional distress to Plaintiff, which included, by way of example and not limitation, fear, distress, anxiety, mental anguish, embarrassment, extreme stress, and extreme concern about his well-being.

85. As a direct result of said conduct, Plaintiff has suffered and will continue to suffer severe mental and emotional distress, medically diagnosed depression, emotional pain, suffering, inconvenience, embarrassment, mental anguish, anxiety and other non-pecuniary losses in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (NEGLIGENT RETENTION AND SUPERVISION)

86. Plaintiff realleges and incorporates by reference paragraphs 1-85 as though fully set forth herein.

87. Defendant owed a duty to use ordinary care to protect plaintiff from discriminatory, and retaliatory conduct and injury from its managers and employees.

88. Upon information and belief, Defendant had knowledge of the actions of its managerial employees and agents, including Rogers toward plaintiff. Plaintiff requested a reasonable accommodation.

89. Upon information and belief, Defendant knew or should have known that Plaintiff requested a reasonable accommodation and that he should not have been terminated for engaging in such protected activity.

90. Defendant was negligent in failing to take adequate measures to supervise Plaintiff's superiors, including Rogers and to stop their unlawful mistreatment and termination of Plaintiff. To the contrary, Defendant shielded Plaintiff's superiors, including Rogers and other of its agents, thus enabling further discriminatory, and retaliatory behavior toward Plaintiff.

91. Defendant's negligent supervision and retention of Plaintiff's superiors, including Rogers and of its employees upon information and belief, fostered and validated its denial of Plaintiff's reasonable accommodation and its termination of Plaintiff for engaging in such protected activity, and was a direct and proximate cause of the injuries and harm to Plaintiff.

92. As a direct result of the negligence of Defendant in retaining and supervising Plaintiff's superiors, including Rogers, and condoning their conduct in denying Plaintiff's reasonable accommodation, and terminating Plaintiff for engaging in such protected activity, upon information and belief, Defendant acted wantonly, willfully, and in disregard of the protected rights of Plaintiff, thus entitling him to an award of compensatory and punitive damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

1. A trial by jury on all issues so triable;

2. That Defendant is ordered to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons and which eradicate the effects of their

past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability discrimination and conducting employee training regarding such policy.

3. That Plaintiff be awarded a money judgment against Defendant for violation ADA as amended by the ADAAA as amended, representing all lost benefits of employment, including but not limited to loss of wages and loss of benefits, and an award of compensatory damages, including but not limited to emotional distress damages, for an amount to be determined specifically at the trial of this action;

4. An award for Plaintiff against Defendant for punitive damages pursuant to ADA as amended by the ADAAA as amended, N.C. Gen. Stat. § 1D-1, et seq., and all other applicable law;

5. That that acts and practices complained of herein be declared in violation of ADA as amended by the ADAAA as amended;

6. That the Defendant be enjoined from engaging in discrimination in violation of the ADA as amended by the ADAAA as amended on the basis of disability;

7. That Defendant be enjoined from engaging in retaliation in violation of ADA as amended by the ADAAA as amended on the basis of disability;

8. That an injunction be issued reinstating Plaintiff to his position or, alternatively, that Plaintiff be awarded front pay for Defendants violations of ADA as amended by the ADAAA as amended;

9. That Plaintiff have and recover of Defendant, pursuant to ADA as amended by the ADAAA as amended, and 42 U.S.C. Section 1988, Plaintiff's attorneys' fees;

10. That that acts and practices complained of herein be declared in violation of the public policy of the State of North Carolina;

11. That Plaintiff be awarded a money judgment against Defendant for wrongful termination in violation the public policy of the State of North Carolina.

12. That Defendant be enjoined from engaging in retaliation in violation of the public policy of the State of North Carolina.

13. That Plaintiff have and recover of Defendant, for wrongful termination in violation of the public policy of the State of North Carolina, Plaintiff's attorneys' fees;

14. That Plaintiff be reinstated to his position of seasonal retail associate with the Defendant, or, in the alternative, that Plaintiff be awarded front pay;

15. That Plaintiff have and recover of Defendant punitive damages for Defendant's intentional infliction of emotional distress on Plaintiff;

16. That Plaintiff have and recover of Defendant a money judgment for lost benefits of employment and compensatory damages for Defendant's negligent infliction of emotional distress on Plaintiff;

17. That Plaintiff have and recover of Defendant punitive damages for Defendant's negligent infliction of emotional distress on Plaintiff;

18. That Plaintiff have and recover of Defendant a money judgment for lost benefits of employment and compensatory damages for Defendant's intentional infliction of emotional distress on Plaintiff;

19. That Plaintiff have and recover of Defendant punitive damages for Defendant's intentional infliction of emotional distress on Plaintiff;

20. That Plaintiff have and recover of Defendant a money judgment for lost benefits of employment and compensatory damages for Defendant's negligent retention and supervision;

21. That Plaintiff have and recover of Defendant punitive damages for Defendant's negligent retention and supervision;

22. That Plaintiff have and recover of Defendant the costs of this action;

23. That Plaintiff have and recover of Defendant interest allowed by law; and

For such other and further relief as the court may deem just and proper

This the 16th day of June, 2025.

s/Brian K. Leonard
Brian K. Leonard, N.C. Bar No. 38308
Attorney for Plaintiff
B.K. Leonard Law Firm
11010 Lake Grove Blvd., Unit 100-425
Morrisville, NC 27560
Telephone: 984-212-7737
Facsimile: 919-474-3087